**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MEDDICC LTD,** | | **CIVIL ACTION** |
| **Plaintiff,** | | |
| | | |
| **v.** | | |
| | | |
| **01 CONSULTING LLC d/b/a MEDDIC ACADEMY, and DARIUS LAHOUTIFARD,** | | **NO.  24-1836** |
| **Defendants.** | | |

## ORDER

**AND NOW**, this 21st day of April, 2026,

1. Upon consideration of Defendants' Motion to Exclude Expert Testimony of John McMahon (ECF Nos. 50, 66), and Plaintiff's opposition thereto (ECF No. 65), **IT IS HEREBY ORDERED** that the Motion is **GRANTED** as follows.  McMahon shall not be permitted to testify at trial about his understanding that:

   a. a term cannot be considered a trademark if it does not exclusively identify a single source;

   b. under U.S. trademark law, terms that are merely descriptive of the goods or services they relate to are generally ineligible for trademark protection;

   c. a term cannot be the subject of a trademark, nor registered federally unless it acquires a secondary meaning;

   d. not every name adopted or used by a person necessarily is or becomes a trademark;

   e. some terms are categorically prohibited from serving as trademarks because they are the generic name for the category, type or genus of the goods or services to which they are applied;

   f. generic terms cannot be registered as trademarks and are not eligible for

       trademark protection;

    g.  the MEDDPICC methodology cannot be considered a trademark;

    h.  Lahoutifard's mark should have never registered; and,

    i.  Lahoutifard's trademark claims do not have any validity because his use of the term MEDDPICC would not seem to qualify as trademark use or warrant trademark protection.

    j.  The Motion is **DENIED** in all other respects.

2. Upon consideration of Plaintiff's Motion for Summary Judgment (ECF Nos. 70, 91), and Defendants' opposition thereto (ECF No. 61), **IT IS HEREBY ORDERED** that:

    a.  The Motion is **GRANTED** with respect to:

       i.  Plaintiff's claim for a declaratory judgment of noninfringement;

       ii.  Defendants' counterclaims, which are **DISMISSED WITH PREJUDICE**; and,

       iii.  Plaintiff's claim for a declaratory judgment of cancellation pursuant to 15 U.S.C. § 1119.  **IT IS FURTHER ORDERED** that the Director of the United States Patent and Trademark Office (PTO) is **HEREBY ORDERED** to **CANCEL** the trademark at Registration Number 6,489,058 and **MAKE** an appropriate entry upon the records of the PTO.

    b.  The Motion is **DENIED** in all other respects.

3. **IT IS FURTHERED ORDERED** that now that the remaining claims in this matter are Plaintiff's claims of interference with contractual relations, interference with prospective contractual relations, and trade libel:

    a.  Plaintiff **SHALL** file a letter on the docket by **April 22, 2026**, explaining the relevance of its damages expert to those claims.  Defendants **SHALL** file a response, if any, by **April 24, 2026**.

    b. Defendants **SHALL** file a letter on the docket by **April 22, 2026**, explaining the relevance of its damages expert to those claims.  Plaintiff **SHALL** file a response, if any, by **April 24, 2026**.

4. **IT IS HEREBY ORDERED** that the Motions filed at ECF Nos. 49, 54, and 56 are **DENIED AS MOOT**.[i]

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

_____

**WENDY BEETLESTONE, C.J.**

---

[i] In response to the Court's March 12 order regarding sealing (EF No. 86), the parties filed unredacted versions of their *Daubert* and summary judgment motions.  Accordingly, the redacted versions of these filings (ECF Nos. 49, 54, 56) were mooted.